BILTMORE SQUARE ASSOCIATES, CROWN AMERICAN ASSOCIATES, SOUTH ASHEVILLE HOTEL ASSOCIATES LIMITED PARTNERSHIP, G.E. ENTERPRISES, INC., PROFFITT'S INC., CAROLINA TRACTOR & EQUIPMENT COMPANY, INC., BEACON PARTNERS NO. 8, AND BEACON PARTNERS NO. 11, PLAINTIFF-APPELLANTS v. CITY OF ASHEVILLE, ELIZABETH C. TAYLOR IN HER CAPACITY AS BUNCOMBE COUNTY TAX COLLECTOR, AND BUNCOMBE COUNTY, DEFENDANT-APPELLEES

No. COA97-585

(Filed 17 March 1998)

Municipal Corporations § 135 (NCI4th)— annexation—judicial review—effective date

A city's annexation ordinance that was challenged by plaintiffs became effective pursuant to N.C.G.S. § 160A-50(i) on the last day of the next full calendar month following the North Carolina Supreme Court's denial of plaintiffs' petition for discretionary review, not following the United States Supreme Court's denial of plaintiffs' petition for a writ of certiorari, and the city

BILTMORE SQUARE ASSOC. v. CITY OF ASHEVILLE

[129 N.C. App. 101 (1998)]

properly calculated plaintiffs' property taxes based upon the correct annexation date.

Appeal by plaintiffs from order entered 30 December 1996 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 15 January 1998.

*Adams Hendon Carson Crow & Saenger PA, by S.J. Crow and Martin Reidinger for plaintiff-appellants.*

*City Attorney Robert W. Oast, Jr. and Assistant City Attorney Sarah Patterson Brison Meldrum for defendant-appellee City of Asheville.*

*Associate Buncombe County Attorney Stanford K. Clontz for defendant-appellees Taylor and Buncombe County (no brief filed for defendant-appellees).*

McGEE, Judge.

The City of Asheville adopted an ordinance on 4 June 1991 annexing an area of land into its corporate limits, including land owned by plaintiffs. The effective date of the annexation was 31 July 1991. Plaintiffs filed an action challenging the validity of the ordinance pursuant to N.C. Gen. Stat. § 160A-50 (1994). This action stayed the effective date of the annexation pursuant to N.C. Gen. Stat. § 160A-50(i) (1994).

Following a hearing on 13 and 14 January 1992, the Superior Court of Buncombe County upheld the validity of the ordinance. Plaintiffs appealed the trial court's decision to our Court and we affirmed the trial court's decision in an opinion filed 1 February 1994. Our Court denied plaintiffs' petition for rehearing on 4 March 1994. On 5 May 1994, the North Carolina Supreme Court issued an order denying plaintiffs' petition for discretionary review. Thereafter, plaintiffs petitioned the United States Supreme Court to issue a writ of certiorari to review the opinion and decision of our Court. This petition was denied on 6 October 1994.

In the fall of 1994, plaintiffs were billed by the City of Asheville for property taxes for the annexed area. The tax bills reflected the amount of taxes owed to the City based upon an effective date of 30 June 1994. The Asheville City Council denied plaintiffs' request for a release from a portion of these property taxes.

Plaintiffs filed this action in the Buncombe County Superior Court alleging they were incorrectly billed for five months of property taxes because, based upon the United States Supreme Court's denial of its writ of certiorari on 6 October 1994, the effective date of the annexation should have been 30 November 1994, not 30 June 1994.

The trial court concluded as a matter of law that "the denial of Discretionary Review by the North Carolina Supreme Court of the Petition for Review . . . is the 'final judgment' contemplated by G.S. 160A-50(i)[.]" The trial court entered an order determining that the effective date of the ordinance was 30 June 1994 and that the property taxes were, therefore, properly calculated. Plaintiffs appeal from this order.

The sole issue on appeal is whether the trial court erred by determining that N.C. Gen. Stat. § 160A-50(i) (1994) does not stay the effective date of the annexation ordinance pending a determination by the United States Supreme Court on a writ of certiorari challenging the validity of the ordinance. More specifically, the issue is when did the annexation ordinance become effective. We find no error in the trial court's decision.

When judicial review of an annexation ordinance is sought, the effective date of the ordinance is set forth in N.C.G.S. § 160A-50(i):

(i) If part or all of the area annexed under the terms of an annexation ordinance is the subject of an appeal to the superior court, Court of Appeals or Supreme Court on the effective date of the ordinance, then the ordinance shall be deemed amended to make the effective date with respect to such area the last day of the next full calendar month following the date of the final judgment of the superior court or appellate division, whichever is appropriate . . . a denial of a petition for rehearing or for discretionary review shall be treated as a final judgment.

This statute was amended in 1989 to define "final judgment" to include "a denial of a petition for rehearing or discretionary review." *Id.* Plaintiffs argue that the legislative intent of the amendment was to make any request for appellate review in an annexation case operate as an automatic stay of the effective date of the annexation ordinance. They argue that this would then include any request for review in any court, including the United States Supreme Court. Plaintiffs contend the effective date of the ordinance should have been 30

November 1994 based upon the United States Supreme Court's denial of its writ of certiorari on 6 October 1994. We disagree.

Defendants argue the trial court correctly held the effective date of the ordinance was 30 June 1994 based upon the North Carolina Supreme Court's denial of discretionary review on 5 May 1994. Therefore, defendants argue 30 June 1994 constitutes the "last day of the next full calendar month following the date of the final judgment of the . . . appellate division[.]" *Id.*

The use of the phrase "appellate division" in N.C.G.S. § 160A-50(i) is derived from article IV of the North Carolina Constitution. The general rules of statutory construction provide that "[w]here the language of a statute is clear and unambiguous there is no room for judicial construction and the courts must give it its plain and definite meaning[.]" *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 436, 274 S.E.2d 370, 373 (1981). Section 2 of article IV provides:

> The General Court of Justice shall constitute a unified judicial system for purposes of jurisdiction, operation, and administration, and shall consist of an Appellate Division, a Superior Court Division, and a District Court Division.

N.C. Const. art. IV, § 2. Section 5 of article IV states that "[t]he Appellate Division of the General Court of Justice shall consist of the Supreme Court and the Court of Appeals." N.C. Const. art. IV, § 5. Language and definitions consistent with the North Carolina Constitution are also used in Chapter 7A of the General Statutes, the Judicial Department Act of 1965, including N.C. Gen. Stat. § 7A-5 (1995), which states the "appellate division of the General Court of Justice consists of the Supreme Court and the Court of Appeals."

There is no evidence to support a conclusion that the General Assembly intended the automatic stay of an annexation ordinance to include appeals to the United States Supreme Court. In any event, if a party desires to stay the effective date of an annexation while a petition for certiorari is pending before the United States Supreme Court, a stay can be requested from the Court pursuant to a motion under Rule 23 of the Rules of the Supreme Court of the United States. Plaintiffs never requested such a stay.

We find no error by the trial court in upholding the effective date of the annexation ordinance as 30 June 1994 and in affirming the amount of property taxes calculated by the City of Asheville.

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.